EDWARD R. SCHWARTZ, CA Bar No. 147553
ers@cph.com
PATRICK J. ORMÉ, CA Bar No. 239025
patrick.orme@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

OF COUNSEL:

MICHAEL A. ALBERT, MA Bar No. 558566
malbert@wolfgreenfield.com
CHRISTOPHER C. WALSH, MA Bar No. 673509
ccwalsh@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, Massachusetts 02210-2206
Telephone: (617) 646-8000
Facsimile:  (617) 646-8646

Attorneys for THE BURTON CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| PETER VAN BREGMANN, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BURTON SNOWBOARDS NORTH AMERICA and DOES 1 through 10, Inclusive, <br><br> Defendants. | Case No. SACV10-1199 DOC (MLGx) <br><br> **ANSWER AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |
| THE BURTON CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> PETER VAN BREGMANN, JR., <br><br> Counterdefendant. | |

-1-

The Burton Corporation ("Burton"), answers the Complaint of Peter Van Bregmann, Jr. ("Bregmann"), in correspondingly numbered paragraphs, below. Burton denies the allegations of the Complaint except where specifically admitted below. Burton notes that the Complaint was directed to "Burton Snowboards North America." To Burton's knowledge, there is no such entity. Burton received the Complaint on September 7, 2010, and responds as if it had been named in the Complaint. Burton does not waive its defense that Bregmann has failed to properly allege infringement against The Burton Corporation.

## JURISDICTION

1. Admits.

## VENUE

2. Denies.

## PARTIES

3. Lacks knowledge or information sufficient to form a belief and therefore denies.

4. Denies; Burton is not aware of any entity called Burton Snowboards North America. The Burton Corporation is a corporation organized under the laws of the State of Vermont and having its principal place of business in the State of Vermont.

5. Lacks knowledge or information sufficient to form a belief and therefore denies.

6. Denies.

## BREGMANN'S ALLEGATION OF PATENT INFRINGEMENT

7. Defendant repeats its responses to paragraphs 1-6 of the Complaint.

8. Admits that the Burton Corporation agreed on August 9, 1996, to receive "information relating to 'The No Tooling / No fooling Adjustable Snowboard Binding'" from EETAW Inc. subject to certain limitations identified in the Confidentiality Agreement attached as Exhibit 1 to the Complaint; admits

CHRISTIE, PARKER & HALE, LLP

that Burton did not collaborate with Plaintiff Bregmann on any invention or patent application; denies that Bregmann showed Burton any patentable invention; denies that the Burton Corporation is a subsidiary of an entity called "Burton Snowboards North America;" denies all other allegations of paragraph 8 of the Complaint not specifically admitted.

9. Admits that Peter Acuna, Jr. is listed as the inventor of U.S. Patent No. 5,876,045 (the "'045 patent"), attached as Exhibit 2 to the Complaint; otherwise lacks knowledge or information sufficient to form a belief and therefore denies.

10. Admits that Peter Acuna, Jr. is listed as the inventor of the '045 patent, that the '045 patent issued on March 2, 1999, and that the '045 patent lists a filing date of December 4, 1995; denies that the '045 patent is valid; otherwise lacks knowledge or information sufficient to form a belief and therefore denies.

11. Admits that Burton manufactured, outside the United States, snowboards containing an angularly adjustable snowboard boot binding called the "Burton Progression Custom Rental Binding," and that Burton has distributed and sold such snowboards since approximately 2007; denies all other allegations of paragraph 11 of the Complaint not specifically admitted.

12. Denies.

13. Denies.

14. Denies.

15. Denies.

### FIRST AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)

16. Burton does not infringe any claim of the '045 patent.

17. The '045 patent has two independent claims. Each of the independent claims requires: i) a horizontal channel in the baseplate extending adjacent a base disc to a point external the baseplate, ii) orifices in a perimeter of a base disc, iii) a horizontal shaft within the horizontal channel, and iv) a side

CHRISTIE, PARKER & HALE, LLP

lever/hinged coupling for moving the shaft into and out of the orifices in the base disc. None of these limitations, nor any feature remotely related to such limitations, are present in the Burton binding alleged to be infringing. Other claim limitations are also absent.

18. There does not appear to be any reasonable basis for Bregmann's allegation that Burton has infringed the '045 patent. Burton informed Bregmann of this fact through his counsel on September 16, 2010, and requested that Bregmann withdraw his suit so that Burton would not continue to incur attorneys' fees defending against a baseless claim. Bregmann did not provide a substantive response.

## SECOND AFFIRMATIVE DEFENSE (INVALIDITY)

19. The claims of the '045 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

## THIRD AFFIRMATIVE DEFENSE (MISNOMER)

20. Bregmann served the Complaint on The Burton Corporation on September 7, 2010. The caption lists "Burton Snowboards North America." To Burton's knowledge, there is no such entity. Bregmann has not properly pled any cause of action against The Burton Corporation.

## ATTORNEYS' FEES

21. Bregmann has filed a meritless Complaint and caused Burton to incur fees and costs in defending itself. The claims of the asserted patent require structures that are plainly absent from the accused Burton binding. Prior to answering, Burton asked Bregmann to clarify what basis, if any, he had for these allegations. Bregmann refused to do so. Pursuant to 35 U.S.C. § 285, Burton is entitled to recover its attorneys' fees from Bregmann.

CHRISTIE, PARKER & HALE, LLP

# COUNTERCLAIMS

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement)

22. This counterclaim seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Bregmann has asserted in this action that certain products sold by Burton infringe the '045 patent.

24. There is an actual and justiciable controversy between the parties as to whether products sold by Burton infringe the '045 patent.

25. The products sold by Burton do not infringe the '045 patent.

26. Every claim of the '045 requires: i) a horizontal channel in the baseplate extending adjacent a base disc to a point external the baseplate, ii) orifices in a perimeter of a base disc, iii) a horizontal shaft within the horizontal channel, and iv) a side lever/hinged coupling for moving the shaft into and out of the orifices in the base disc. None of these limitations, nor any feature remotely related to such limitations, are present in the Burton binding alleged to be infringing. Other claim limitations are also absent.

27. Burton is entitled to a declaratory judgment that its accused products do not infringe the '045 patent.

## SECOND COUNTERCLAIM

### (Declaration of Invalidity of the '045 Patent

28. There is an actual and justiciable controversy between the parties with respect to the validity of the '045 patent.

29. The claims of the '045 patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 101 *et. seq.*

30. Burton is entitled to a declaratory judgment that the claims of the '045 patent are invalid.

CHRISTIE, PARKER & HALE, LLP

# **RELIEF REQUESTED**

For the above reasons, Burton asks that:

A. Judgment be entered that Burton has not infringed the '045 patent;

B. Judgment be entered that the '045 patent is invalid;

C. The complaint against Burton be dismissed with prejudice;

D. Burton be awarded its costs and attorneys' fees pursuant to 35 U.S.C. §285;

E. The Court grant Burton any other relief deemed appropriate.

DATED: September 28, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
Edward R. Schwartz
Patrick J. Ormé

Attorneys for THE BURTON CORPORATION

CHRISTIE, PARKER & HALE, LLP

## JURY DEMAND

The Burton Corporation requests a trial by jury of the issues so triable herein.

DATED: September 28, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
Edward R. Schwartz
Patrick J. Ormé

Attorneys for THE BURTON CORPORATION

SES PAS922077.1-*-09/28/10 11:56 AM

CHRISTIE, PARKER & HALE, LLP

# CERTIFICATE OF SERVICE

I certify that on September 28, 2010, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document described as **ANSWER AND COUNTERCLAIMS; DEMAND FOR JURY TRIAL** was served on the parties in this action by **U.S. MAIL** addressed as follows:

Greg K. Hafif, Esq.
Charles E. Hill, Esq.
LAW OFFICES OF HERBERT HAFIF, APC
269 W. Bonita Avenue
Claremont, CA   91171-4784
(909) 624-1671 (Telephone)
(909) 625-7772 (Facsimile)
ghafif@hafif.com
charles.hill@hafif.com

I declare that I am employed by a member of the bar of this Court, at whose direction this service was made.

Executed on September 28, 2010 at Pasadena, California.

_____
Suzanne E. Swezey